Filed 4/30/26  P. v. Eldridge CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085802 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVI19003462) |
| REGINALD ELDRIDGE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County.  John Peter Vander Feer, Judge.  Affirmed.

Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2020, a jury convicted Reginald Eldridge of robbery (Pen. Code, § 211) (all further statutory references are to the Penal Code).  The jury found Eldridge personally used a firearm (§ 12022.53, subd. (b)).  The court found true two serious felony prior convictions (§ 667, subd. (a)(1)) and two strike priors (*id*., subds. (b)-(i)).  Eldridge was sentenced to a total term of 25 years to life plus 10 years for the firearm enhancement.

Eldridge appealed and this court reversed the sentence and remanded the case for a new sentencing hearing in an unpublished opinion (*People v. Eldridge* (Jan. 12, 2023, D079641)).

On remand, the court held a new sentencing hearing. The court denied the request to strike the "strike" priors and denied the motion to strike or substitute a lesser firearm enhancement. The trial court again imposed a sentence of 25 years to life plus 10 years for the firearm enhancement. The court also reimposed the fines and fees previously ordered.

Eldridge filed a timely notice of appeal.

Appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Eldridge the opportunity to file his own brief on appeal, but he has not responded.

We discussed the facts of the underlying crimes in our previous opinion. We will not include a statement of facts in this opinion.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified three possible issues that were considered in evaluating the potential merits of this appeal:

Did the court err by failing to exercise its discretion to strike one or more of his strike priors?

Did the court err in failing to strike the firearm enhancement or sentence on a lesser enhancement?

Did the court err in imposing fines and fee assessments?

We have independently reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Eldridge in this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.[*]

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.

---

[*] Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.